UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES RAY JOHNSON,<br><br>Plaintiff,<br><br>vs.<br><br>ERNEST MEADOWS, FORMER DIRECTOR/SUPERVISOR OF SUMMIT FOOD SERVICES, FORMERLY DOING BUSINESS AS CBM, ALSO KNOWN AS CATERING BY MARLINS,<br><br>Defendants. | 4:20-CV-04049-RAL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL IN PART AND SERVICE IN PART |

Plaintiff Charles Ray Johnson filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Johnson moves to proceed in forma pauperis and has provided the Court with his prisoner trust account report. Docs. 3 and 4.

### I.  Motion to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

   (A)   the average monthly deposits to the prisoner's account; or
   (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

1

Johnson filed a motion to proceed in forma pauperis. Doc. 3. His prisoner trust account report showed his average monthly deposits and average monthly balance to be $0.00. Doc. 4. Based on the information regarding Johnson's prisoner trust account, this Court grants Johnson leave to proceed in forma pauperis and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Johnson must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Johnson's institution. Johnson remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## I.  Allegations of Johnson's Complaint

Johnson claims that his gums are healing from an oral surgery and he has stitches in his mouth. Doc. 1-1 at 26. He alleges that as a part of his treatment to recover from the oral surgery, the dentist issued a medical order for Johnson to receive soft food. Doc. 1 at 10; Doc. 5 at 9. Johnson claims that on multiple occasions he has not received a soft food tray and continuously has to file grievances and remind jail officials that he has a medical order. Id. at 4, 6, 11.

Johnson believes he is being discriminated against based on his race. Id. at 8. He "identifies as a black African male[.]" Inmates at the Minnehaha County Jail filed affidavits that they have witnessed Johnson not receiving his medically issued diet. Doc. 1-1 at 34-35, 37, 39-42. These inmates and Johnson also claim that another inmate, David Black, a Caucasian male, has received his own soft food tray and has not had the issues that Johnson has had. Id. at 16. Johnson claims he filed several grievances about not receiving his medically necessary diet. Id. at 11. Earnest Meadows has allegedly replied apologizing for the errors and acknowledging that an error as been made. Doc. 1-1 at 29-32.

Johnson alleges that because he did not receive a soft food tray that the mealtimes caused him excruciating pain. Doc. 1 at 6. Johnson claims that Meadows "was consistently made aware of specific condition of plaintiff's medically necessary diet, even making an open acknowledgment" of the error. Id. at 11. Johnson raises three claims: 1) retaliation for filing grievances; 2) a violation of the Fourteenth Amendment equal protection clause; and 3) a violation of the Eighth Amendment. Id. at 4, 8, 10. Johnson claims that Meadows is no longer the Director of Summit Food Services and seeks injunctive and monetary damages. Id. at 12.

## II. Discussion

### A. Screening and Dismissal Standards

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir.

3

2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." Twombly, 550 U.S. at 555; see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

**B. Analysis**

**1. Retaliation**

Johnson alleges that Meadows has retaliated against him by not responding to his grievances in a "satisfactory manner." Doc. 1 at 4. "The right to be free from retaliation for availing one's self of the prison grievance process has been clearly established in [the Eighth Circuit] for more than twenty years." Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013) (citing Nelson v. Shuffman, 603 F.3d 439, 449-50 (8th Cir. 2010)). In order for Johnson to allege a First Amendment retaliation claim, he must show that: "'(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary

4

firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity.'" Spencer v. Jackson Cty. Mo., 738 F.3d 907, 911 (8th Cir. 2013) (quoting Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004)). Thus, taking Johnson's allegations as true, the allegations clearly satisfy the first prong of a First Amendment retaliation claim because "[t]he filing of a prison grievance, like the filing of an inmate lawsuit, is protected First Amendment activity." Lewis v. Jacks, 486 F.3d 1025, 1029 (8th Cir. 2007).

For Johnson to satisfy the second prong of a First Amendment retaliation claim, he must demonstrate not only that Meadows took an adverse action toward him but also that Meadow's alleged adverse action "'would chill a person of ordinary firmness from continuing in the activity[.]'" Spencer, 738 F.3d at 911 (quoting Revels, 382 F.3d at 876); see also Lewis, 486 F.3d at 1029 (holding in a First Amendment retaliation claim that the record contained insufficient evidence that increasing the prisoner's work load would chill a prisoner of ordinary firmness from using the prison grievance process). " 'The ordinary-firmness test is well established in the case law, and is designed to weed out trivial matters from those deserving the time of the courts as real and substantial violations of the First Amendment.' " Santiago, 707 F.3d at 992 (quoting Garcia v. City of Trenton, 348 F.3d 726, 728 (8th Cir. 2003)). This is an objective test that looks at whether a reasonable prisoner's actions would be chilled by an official's alleged adverse actions. See id. (citing Garcia, 348 F.3d at 729).

Here, Johnson has failed to allege facts to show that a reasonable prisoner of ordinary firmness would have been "chilled" from using the grievance procedure if that prisoner were in Johnson's position. Johnson claims that Meadows has "consistently allowed and/or actively colluded in ignoring inmate grievances [and] failed to respond in a satisfactory manner[.]" Doc. 1 at 4. Although Johnson believes that his grievances have been ignored, he has not raised

sufficient facts to show that Meadows has "chilled" his use of the grievance process; Johnson has attached many grievances to his Complaint. Id.; see Doc. 1-1 at 9-32. Thus, Johnson's First Amendment retaliation claim is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### 2. Fourteenth Amendment Equal Protection Clause

Johnson alleges that his Fourteenth Amendment right to equal protection has been violated. Id. The equal protection clause of the Fourteenth Amendment requires the government to "treat similarly situated people alike," a protection that applies to prisoners. Murphy v. Mo. Dept. of Corr., 372 F.3d 979, 984 (8th Cir. 2004). To show an equal protection violation, Johnson must show: (1) he is treated differently than a similarly situated class of inmates; (2) the different treatment burdens a fundamental right; and (3) there is no rational relation to any legitimate penal interest. Id. (citing Rouse v. Benson, 193 F.3d 936, 942 (8th Cir. 1999) (citing City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)). In Patel v. U.S. Bureau of Prisons, 515 F.3d 807, 815-16 (8th Cir. 2008), the Eighth Circuit explained that for a prisoner to prevail on an equal protection claim, he "must show that he is treated differently from similarly situated inmates and that the different treatment is based upon either a suspect classification or a fundamental right." Id. "Suspect classifications include those such as race, alienage, gender, or national origin." *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999) (citing see Cleburne Living Ctr., 473 U.S. at 440.

Johnson "identifies as a black African male" and claims that a Caucasian male has been receiving a soft food tray per medical diet and he has not. Doc. 1 at 8. Johnson has submitted multiple inmate affidavits that attest to these alleged occurrences as well. Doc. 1-1 at 34-35, 37, 39-42. At this time, Johnson has stated sufficient facts to claim that he was treated differently

6

based upon a suspect class—race. Johnson's Fourteenth Amendment equal protection claim survives 28 U.S.C. § 1915A review.

### 3.    **Eighth Amendment Claim**

Johnson claims that his Eighth Amendment right to be free from cruel and unusual punishment has been violated by Meadows. Doc. 1 at 10. "A prisoner's Eighth Amendment rights are violated if prison officials show 'deliberate indifference' to the prisoner's 'serious medical needs.'" Olson v. Bloomberg, 339 F.3d 730, 735 (8th Cir. 2003) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106. More specifically, a prisoner must allege "'(1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997)).

"A serious medical need is 'one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention.'" Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997) (quoting Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)). To demonstrate deliberate indifference, "'[t]he prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation.'" Jolly, 205 F.3d at 1096 (quoting Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995)). "Deliberate indifference may be manifested . . . by prison officials in intentionally denying or delaying access to medical care

7

or intentionally interfering with prescribed treatment." Meloy v. Bachmeier, 302 F.3d 845, 849 (8th Cir. 2002) (citing Estelle, 429 U.S. at 104-05).

Liberally construing Johnson's facts, he claims that he has a serious medical need for a medical diet (soft food) because it was prescribed by a dentist after his oral surgery. Doc. 1 at 10; Doc. 5 at 9. Although Meadows states (in his replies to Johnson's grievances) that the occurrences where Johnson did not receive the soft food tray were not intentional, taking Johnson's well pleaded allegations as true which the Court must do at this stage, there are enough alleged facts to allow this claim to survive § 1915A review. Johnson claims on multiple occasions he was denied the soft food tray and filed grievances without receiving permanent redress. These alleged occurrences arguably could amount to "intentionally interfering" with Johnson's prescribed treatment, and thus Johnson's Eighth Amendment claim against Meadows survives 28 U.S.C. § 1915A review.

**III.  Order**

Accordingly, it is

ORDERED that Johnson's motion to proceed in forma pauperis, Doc. 3, is granted and his initial filing fee is waived. It is further

ORDERED that the institution having custody of Johnson is directed that whenever the amount in Johnson's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to the Johnson's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full. It is further

ORDERED that Johnson's First Amendment retaliation claim against Meadow is dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). It is further

ORDERED that Johnson's Fourteenth Amendment equal protection claim and his Eighth Amendment claim survive 28 U.S.C. § 1915A review. It is further

ORDERED that the Clerk shall send blank summons forms and Marshal Service Form (Form USM-285) to Johnson so that he may cause the complaint to be served upon the defendant.

ORDERED Johnson shall complete and send the Clerk of Courts a separate summons and USM-285 form for each defendant. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshal Service shall serve the completed summonses, together with a copy of the complaint and supplement, Docs. 1 and 5, and this order, upon the defendant. It is further

ORDERED that the defendant will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is further

ORDERED that the Clerk of the Court is directed to send a copy of this order to the appropriate official at Johnson's institution. It is finally

ORDERED that Johnson will keep the court informed of her current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending.

DATED this 22nd day of May, 2020.

BY THE COURT:

*Roberto A. Lange*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE